MILLER, Judge.
Plaintiff, Deltide Fishing & Rental Tools, Inc., a judgment creditor of defendant, Cecil A. Gardner, in the amount of $8,000.00, brought suit against Gardner and his wife, Mrs. Roberta Pesson Gardner, to revoke a dation en paiement Gardner made to his wife of their home property in New Iberia, Louisiana. After trial on the merits, the court found that plaintiff had failed to prove what the court considered two essential requirements for revoking a dation, namely: 1) That the wife did not *595 have a valid claim against her husband for return of paraphernal funds and 2) that the property received was out of proportion in value to the wife’s claim. The trial court dismissed plaintiff’s suit and it has appealed.
Appellant contends that the dation was a nullity because the recited consideration did not exist. Its position is hinged on the fact that in the instrument it was recited that $8,000.00 of Mrs. Gardner’s separate funds were used to “purchase” the home property whereas the undisputed evidence is that it was used to remodel the house. The trial judge found that this recitation was consistent with the description in the instrument which included the “improvements” and we are in agreement. The evidence is undisputed that $8,000.00 of Mrs. Gardner’s separate funds were used to remodel the home and this is the important fact.
Appellant makes much of the fact that the dation recites that Mr. Gardner was indebted to Mrs. Gardner for $8,000.00 whereas in truth it was a debt of the community, and not that of Mr. Gardner personally. There is no dispute about this being a community obligation. Indeed the husband as head and master of the community is the proper party to appear as its representative, and that capacity need not be recited as such for it is presumed to be such, unless a clause appears in the instrument indicating the contrary.
Our learned trial brother put his finger on the essence of this case:
“* * * our law is most clear that the insolvency of the husband and his intention to defraud his creditors do not bar him from making a valid dation en paiement to his wife. The only requirements for a valid dation are: (1) That the wife have a valid and real claim against her husband for the return of her para-phernal property with which she has entrusted him; (2) that the property she received in payment of it not be out of proportion in value to the amount of her claim; and (3) that there be a delivery to her of the property she receives.
“The last requirement, that of delivery, is not an issue here, as the transfer was made in the authentic form which imports delivery, and there is no issue relative to it.
“See: LSA-C.C. 2479
Brown, Administrator vs. Brown, 30 La.Ann. 966, (1878).
“The reason that insolvency and an intent to defraud are not issues in these cases is that our law grants a privilege to the wife on her husband’s property for her paraphernal, and dotal, claims. These are established in LSA-C.C. 2376 and 3319.
“The reason for granting her this privilege is that our law vests the husband with full control of the community property, and the wife with none. It also prohibits them from entering into contracts with each other, so that the husband cannot grant a privilege or mortgage to his wife to protect her claim.
“The only contracts of sale permitted between them are provided for in LSA-C.C. 2446. The making of a dation en paiement is one of them.”
The Supreme Court in the case of Colvin v. Johnston, 104 La. 655, 29 So. 274 (1901) sets forth this problem in clear and unmistakable language:
“It is a well-settled principle in our jurisprudence that the law favors restitution to the wife, and looks with favor upon the efforts of the husband to secure her just and honest claims against him. The fact that the husband is insolvent and embarrassed, and that he is pursued by creditors by harsh remedies, cannot be invoked to destroy the validity *596 of the transaction. The rules governing the revocatory action do not apply to the dation en paiement by the husband to the wife in satisfaction of her just parapher-nal claims. This well-settled doctrine dispenses with a discussion of the fraudulent intention of the parties to the dation en paiment, and reduces the issues in this case to a determination of the validity and legality of the dation itself. If it be valid and legal, the intention of the parties thereto is irrelevant and immaterial. If it be null and void, all rights under and by virtue of it are without foundation, and must fall. The essentials to the validity of a dation en paiement by the husband to the wife are the just and honest claim of the wife against the husband, the just proportion of the value of the thing given to the amount of the wife’s claim, and the delivery to the wife of the thing given to her in satisfaction of her debt.”
The evidence clearly shows that Mrs. Gardner had a valid paraphernal claim against the community in the amount of $8,000.00 which was used to remodel their home in 1960. She had inherited sums considerably in excess of this prior to the remodeling and also an almost identical sum at the approximate time of these renovations to their home.
The question of whether the value of the property Mrs. Gardner received in the dation was in fair proportion to the amount of her debt presents more of a problem to this court.
The Supreme Court in the case of Lehman, Abraham & Co. v. Levy, 30 La.Ann. 745 (1870) charges the plaintiff, who is attacking the contract, with the burden of showing that the property transferred was worth more than the debt to the wife. Plaintiff presented no appraisers or evidence bearing on the value of the home property. Defendants presented the attorney who drew the document, for the purpose, among other things, of testifying to the value of the property; but plaintiff’s counsel objected to this testimony on the ground that the attorney was not a qualified appraiser, and the objection was sustained.
This court is frank to say that there was a considerable amount of confusion regarding the testimony about the value of the property. If we were to accept the attorney-witness as an appraiser, which the trial court properly did not do, his testimony indicated that the equity transferred was approximately $16,000.00. However, in all fairness it should be stated that the witness also testified that prior advances around the time of the purchase of the lots and the original house show that much of this came from Mrs. Gardner’s separate funds and that in effect the dation represented a fair reimbursement of all of her claims.
Suffice it to say that the confusion on this point was such that this court would have to agree with the trial court’s finding that the parties presented no competent evidence on the value of the property. Pertinent here is the reasoning of Col-vin v. Johnston, cited supra, where the court said:
“It will be assumed that the property transferred by the husband to the wife is fairly appraised in the act of transfer, until the contrary is shown by the party attacking the transfer. Lehman v. Levy, 30 La.Ann. 745, 746.”
The plaintiff, in attacking the dation, presented no evidence to the contrary.
Accordingly we subscribe to the reasoning of the trial court that plaintiff failed to show either that 1) Mrs. Gardner did not have a valid claim against her husband for the return of the separate funds advanced for the purchase of the home or 2) that the property she received was out of proportion in value to the amount of her claim.
The judgment of the trial court is affirmed and costs are taxed to plaintiff-appellant.
Affirmed.